PER CURIAM.
On October 11, 1973, Richard L. Brown, a member of the Florida Bar, as attorney for appellant, filed a Notice of Appeal in the office of the Clerk of the Circuit Court, reciting;, “the nature of the order appealed from is the final judgment of guilt following a jury verdict.” A certified copy of that order was filed with the Clerk of this Court as required by the Florida Appellate Rules.
Between January 18, 1974, and April 9, 1974, numerous orders were entered in the trial court extending the time for the transcription by the court reporter of the testimony.
On September 20, 1974, the Clerk of this Court, at the direction of the Chief Judge, wrote a letter to Mr. Brown as attorney for appellant, requesting that he, within seven days from the date thereof, advise the court as to the reasons for his failure to prosecute the appeal, nothing having been filed in this court except a certified copy of the above mentioned Notice of Appeal and various orders extending the time for the filing of the transcript. No response to that letter was received within the seven days therein provided.
On October 17, 1974, this Court issued a Rule to Show Cause directing Mr. Brown to appear before the Court on November 5, 1974, and show cause why he should not be held in contempt of court for failure to prosecute the appeal. Following the hearing pursuant to that Rule to Show Cause an order was entered by this Court publicly reprimanding Mr. Brown “for his dereliction for failure to prosecute this appeal in accordance with the Florida Appellate Rules” and granting 15 days within which to have the court reporter’s transcribed notes prepared and filed with the clerk of the trial court. That order contained a further provision to the effect that upon failure to comply therewith the cause would stand dismissed for failure to prosecute the appeal. The court reporter’s transcribed notes were not so filed and the case was dismissed.
On December 16, 1974, attorney Brown filed in this Court a “Motion to Reconsider and Reinstate Appeal”, which motion was granted by this Court’s order of December 17, 1974. In that order we provided that “this appeal is hereby reinstated and the appellant is granted to and including January 15, 1975, within which to have the transcript of the proceedings prepared in this cause. It is further ordered that this cause shall proceed to a conclusion on the merits without further delay.”
No further action was taken in this cause, whereupon the Clerk of this Court, at the direction of the Chief Judge, on August 8, 1975, wrote to Mr. Brown another “seven day letter”, reciting the foregoing facts and directing Mr. Brown “to advise * this Court as to the reasons for your apparent failure to prosecute this cause and as to the steps you anticipate taking to remedy same.” No response was received to that letter whereupon a Rule to Show Cause was issued on August 21, 1975, directing Mr. Brown to appear before this Court at S :00 a. m. on September 3, 1975, “and show cause, if any you have, why you should not be held in contempt of this Court and punished accordingly for your dereliction for failure to prosecute this appeal in accordance with the Florida Appellate Rules.”
At the hearing Mr. Brown revealed that his client, the appellant, was free on bail and employed, but earning insufficient monies to support his family and to pay for transcribing the record. Mr. Brown further represented to the court that he used the only fee that he has been paid in the amount of $500 to pay the court reporter for partially transcribing her notes and that he has invested approximately $400 additionally of his own funds attempt *97 ing to prosecute the appeal. He further represented that installment financial arrangements have been made with the court reporter and that the court reporter has promised to deliver the transcript of that portion of the proceedings necessary for prosecution of the appeal on or before Friday, September 5, 1975. Mr. Brown offered no reason nor excuse for having failed to respond to communications from the court.
It is the decision of the court that Richard L. Brown, a member of the Florida Bar and an officer of the court, be and he is hereby publicly reprimanded and that a copy of this decision be published in the Southern Reporter. Further, such portions of the transcript as are to be included in the record on appeal in accordance with the provisions of the Florida Appellate Rules shall be filed in the office of the clerk of the trial court within ten days from date hereof and a certificate signed by Mr. Brown and styled in this Court shall forthwith be filed with the Clerk of this Court reciting the date and time of such filing. The Clerk of this Court shall forward to Mr. Brown a copy of the bill to be submitted by the court reporter called to this Court at the direction of the Chief Judge of this Court for the purpose of recording the proceedings at the hearing on the Rule to Show Cause giving rise to the entry hereof, and Mr. Brown shall pay same within five days from date he receives same from the Clerk of this Court. Upon complying herewith this cause shall proceed without delay in accordance with the provisions of the Florida Appellate Rules.
Failure to timely comply herewith will result in a dismissal of this case without further notice, and in such further disciplinary action in accordance with Rule 3.17, Florida Appellate Rules, and in accordance with the inherent power of this Court, as may then appear to be appropriate in the premises.
It is so ordered.